

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Mark W. Crooks*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4867*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*
*Mark.Crooks@usdoj.gov*

October 26, 2011

```
_____FILED    _____ENTERED
_____LODGED   _____RECEIVED

DEC -2 2011

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____                     DEPUTY
```

Mr. Brendan Hurson, Esq.
Office of the Federal Public Defender, District of Maryland
100 South Charles Street
Tower II, Suite 900
Baltimore, MD 21201

     Re:    United States v. Tyrone Jackson (RDB-11-016)

Dear Mr. Hurson:

       This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by November 14, 2011, it will be deemed withdrawn. The terms of the agreement are as follows:

Offenses of Conviction

       1.    The Defendant agrees to plead guilty to Counts One and Three of the Indictment now pending against him, which charge him with conspiracy to possess a counterfeit security, in violation of 18 U.S.C. §§ 371 and 513(a), and possession of child pornography, in violation of 18 U.S.C. §§2252(A)(a)(5)(B) & (b)(2). The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

Elements of the Offenses

       2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

*Conspiracy to Possess a Counterfeit Security*

a.   That two or more persons unlawfully agreed to possess a counterfeit
     security, in violation of 18 U.S.C. § 513(a);
b.   that the defendant knowingly and voluntarily participated in the conspiracy; and
c.   that the defendant committed an overt act in furtherance of the conspiracy.

*Possession of Child Pornography*

a.   That on or about November 20, 2010, the defendant knowingly possessed and
     accessed a visual depiction with intent to view;
b.   That the visual depiction was transported in or affecting interstate or foreign
     commerce or the visual depiction was produced using materials that had been
     transported in or affecting interstate or foreign commerce;
c.   That the visual depiction was of one or minors engaged in sexually explicit conduct;
     and
d.   That the defendant knew of the sexually explicit nature of the material and that the
     visual depictions were of actual minors engaged in that sexually explicit conduct.

Penalties

3.      The maximum sentence provided by statute for each offense and count to
which the Defendant is pleading guilty is as follows: **Conspiracy to Possess a Counterfeit
Security**: 5 years imprisonment, followed by three years of supervised release and a $250,000 fine;
**Possession of Child Pornography**: ten years imprisonment, followed by a term of not more than
lifetime supervised release, and a $250,000 fine.  In addition, the Defendant must pay $100 per count
as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or
before the time of sentencing.  This Court may also order him to make restitution pursuant to 18
U.S.C. §§ 3663, 3663A, and 3664.[1]  If a fine or restitution is imposed, it shall be payable
immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant
understands that if he serves a term of imprisonment, is released on supervised release, and then
violates the conditions of his supervised release, his supervised release could be revoked - even on
the last day of the term - and the Defendant could be returned to custody to serve another period of
incarceration and a new term of supervised release.  The Defendant understands that the Bureau of
Prisons has sole discretion in designating the institution at which the Defendant will serve any term
of imprisonment imposed.  The defendant understands and agrees that as a consequence of his
conviction for the crimes to which he is pleading guilty, he will be required to register as a sex
offender in the place where he resides, where he is an employee, and where he is a student, pursuant
to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that
remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine,
unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

residence.  Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify.  If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.  By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.  By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case.  Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, there will be no

further trial or proceeding of any kind, and the Court will find him guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. TheDefendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.   Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.      **Conspiracy to Possess a Counterfeit Security**: The base offense level is 6 pursuant to U.S.S.G. § 2B1.1(a)(2).  The base offense level is increased by **14** levels to **20** because the attempted loss exceeded $400,000 pursuant to § 2B1.1(b)(H).

b.      **Possession of Child Pornography**: The base offense level is **18** pursuant to U.S.S.G. § 2G2.2(a)(1).  Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two **2**-level increase because the depictions involved prepubescent minors or minors under the age of twelve. Pursuant to U.S.S.G. § 2G2.2(b)(6), there is a **2**-level increase because the receipt involved the use of a computer.  Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), the number of images was more than 600, so **5** additional levels accrue, and the total offense level is **27**.

c.      The counts of conviction do not group and, accordingly, pursuant to U.S.S.G. § 3D1.4(b), **1** level will added if the government prevails in the disputed guideline issue described in Paragraph 8 below; bringing the total offense level to **28**.  If, however, the defendant prevails, then no additional combined offense level point will be added pursuant to U.S.S.G. §3D1.4c and the total offense level will remain **27**.

      d.     This Office does not oppose a **2**-level reduction in the Defendant's combined offense level based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. The final offense level is either a **24** or **25**.

      7.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

<u>Disputed Factual and Guidelines Issues</u>

      8.     The parties agree that the following Sentencing Guidelines factor is in dispute and will be resolved by the Court after considering the parties' submissions and any testimony or documentary evidence they may present.

      a.     The parties disagree about whether the Defendant was a minor participant in the criminal activity involving the counterfeit securities described in the Statement of Facts attached hereto and therefore whether a **2**-level decrease in the **Conspiracy to Possess a Counterfeit Security** offense is merited under U.S.S.G. §3B1.2(b).

      b.     Thus if the defense were to prevail on this guideline decrease, the Defendant's adjusted offense level, as noted in Paragraph 6(d), would be a level **24** after the reduction for a minor participation and, if the government succeeds in rebutting this argument, the final offense level will remain **25**.

      9.     This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

<u>Obligations of the United States Attorney's Office</u>

      10.    At the time of sentencing, this Office will recommend a sentence within the advisory guidelines range determined by the Court.

11.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of charges.

### Forfeiture

12.    The defendant understands that the court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.  Specifically, the court will order the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, including but not limited to the following property that was recovered from the defendant's residence and in which the defendant agrees to forfeit to the United States all of his right, title, and interest: a Sprint EVO cellular telephone; SanDisk cruzer thumb drive; Lexmark printer; 2 Gateway computer hard drives (s/n(s) GAD892100479 and XCM61B1001106; and 335 computer discs and DVDs.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Assisting the Government with Regard to the Forfeiture

13.    The defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.  The defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

### Waiver of Further Review of Forfeiture

14.    The defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

## Waiver of Appeal

15.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds any sentence within the advisory guidelines range resulting from an offense level of **25**; and (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below any sentence within the advisory guidelines range resulting from an offense level of **25**.

c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

16.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its

7

obligations under the agreement pursuant to this paragraph.

## Court Not a Party

17.    The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Agreement Does Not Cover Production of Child Pornography Or Sexual Activity with a Minor

18.    The parties agree and understand that this plea agreement is being entered into prior to a full and complete forensic examination of the Defendant's computer(s) and other electronic media. Should such examination result in evidence that the Defendant was involved in the production of child pornography or any sexual activity with a child, this Agreement would not prevent the United States in any way from prosecuting said offenses.

## Entire Agreement

19.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Mark W. Crooks
Assistant United States Attorney


I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_____        _____
Date                                                              Tyrone Jackson


I am Tyrone Jackson's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____        _____
Date                                                              Mr. Brendan Hurson, Esq.

9

## ATTACHMENT A - STATEMENT OF FACTS: TYRONE JACKSON

*The United States and the Defendant, Tyrone Jackson, agree that if this case proceed to trial, the United States would prove the following facts below beyond a reasonable doubt. They agree that these are not all of the facts that would be proved if this case proceeded to trial.*

Tyrone Jackson ("JACKSON"), age 52, is a resident of Baltimore, Maryland.

On December 30, 2010, a DHL parcel was intercepted by Customs and Border Protection ("CBP") at Baltimore Washington International Airport. The parcel was addressed to JACKSON at '111 North Rock Glen Road, Apt. E, Baltimore, MD 21229,' JACKSON's residence. Inside the parcel, there were 80 separate envelopes containing counterfeit checks totaling $488,572.50. The counterfeit checks falsely purported to be issued by Wachovia Bank of Delaware on behalf of the New Jersey Institute of Technology.

On December 31, 2010, special agents of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") delivered this parcel to the above address and found JACKSON at that location, where he lives alone.

JACKSON admitted to the agents that earlier in 2010, while on the Internet, he had met a person named J.R. on the website *Backpage.com*. J.R. posted an advertisement from the Philippines, which JACKSON responded to and agreed with J.R. that, in exchange for U.S. currency, JACKSON would receive the parcel described above from overseas. JACKSON agreed further to re-mail the checks in the envelopes contained within the parcel to the people whose names and addresses were printed on the envelopes.

On December 31, 2010, ICE special agents removed from JACKSON's apartment 2 Gateway computer hard drives and 336 pieces of removable computer media, including an 8GB SanDisk thumb drive.

On January 10, 2011, ICE agents applied for and received judicial authority to search

these items for evidence related to the counterfeit checks.  Subsequently, an ICE analyst

forensically examined the media and observed what appeared to be a visual depiction of a minor

engaging in sexually explicit conduct.  The analyst suspended his examination and, on January

19, 2011, ICE requested and received additional judicial authority to search JACKSON's

computer hardware for evidence also of child pornography.

Upon further forensic examination, ICE agents observed 327 videos and 779 photos

depicting prepubescent minors, under the age of 12, engaging in sexually explicit conduct.

JACKSON sought these visual depictions on the Internet and knowingly received them by

selecting them for downloading, reviewing them after they had downloaded, and retaining them

on his computers and media.  The Defendant knew the images depicted minors engaged in

sexually explicit conduct; in addition, the images had traveled in interstate or foreign commerce.

I have read this statement of facts, and have carefully reviewed it with my attorney. I

acknowledge that it is true and correct.

| | |
|---|---|
| 12/1/11 | Tyrone Jackson |
| Date | Tyrone Jackson |

I am Tyrone Jackson's attorney. I have carefully reviewed the statement of facts with

him.

| | |
|---|---|
| 12/1/11 | |
| Date | Mr. Brendan Hurson, Esq. |